Sandra L. Jacquot Shawnee County Counselor Shawnee County Courthouse 200 S.E. 7th Street, Suite 100 Topeka, Kansas 66603-3932
Dear Ms. Jacquot:
You have requested an opinion concerning whether the formation of the Shawnee County Department of Corrections was legally appropriate and whether the Sheriff is liable for any negligent or wrongful acts that may arise out of the operation of the county jail.
In 1981, the Board of Shawnee County Commissioners transferred the operation of the county jail from the Shawnee County Sheriff to the Shawnee County Department of Corrections pursuant to K.S.A. 12-3901 et seq., an act that authorizes a political subdivision to transfer an operation, procedure or function of any of its agencies to another agency if the governing body determines that the function could "be more efficiently and effectively exercised . . . by a single office or agency." K.S.A. 12-2903; Shawnee County Resolution No. 81-42.
In Attorney General Opinion No. 94-19, Attorney General Robert T. Stephan concluded that a board of county commissioners is authorized to establish a county department of corrections and transfer authority, responsibility and liability for the operation of a county jail from the sheriff to a newly created department of corrections. We find no reason to depart from this conclusion, and, therefore, it is our opinion that K.S.A. 12-3903, as it existed in 1981, authorized the Board of Shawnee County Commissioners to transfer the operation and responsibility for the county jail from the Shawnee County Sheriff to the Shawnee County Department of Corrections. [The Act was amended in 1991 to require an election if the proposed transfer eliminates a statutorily mandated duty of an elected county official.]
Before a governmental entity can be liable for damages, there must be (1) a negligent or wrongful act by one of its employees and (2) the employee must be acting within the scope of employment and under circumstances where the governmental entity, if a private person, would be liable under Kansas law. Fudge v. City of Kansas City, 371 Kan. 372 (1986). In order for an individual to be liable for a negligent or wrongful act, there must first be a duty to act. Fudge, supra. Under Kansas law there is no liability for negligence absent a legal duty and a violation of that duty by the person owing the duty. Stillie v. A.M. Intern, 841 F. Supp. 370 (D.Kan. 1993).
K.S.A. 19-1903 provides, in part, as follows:
 "The sheriff of the county . . . shall keep the jail, and shall be responsible for the manner in which the same is kept."
While K.S.A. 19-1903 establishes a legal duty on the part of a sheriff to keep the jail, that duty was removed from the Shawnee County Sheriff in 1981 when the Board of Shawnee County Commissioners transferred the duty to the Shawnee County Department of Corrections. K.S.A.12-3907 provides that the consolidated agency (i.e. the Department of Corrections) succeeds to the "duties . . . imposed by law" upon the agency that was consolidated, which, in this case, was the Sheriff. Shawnee County Resolution No. 81-42 provides that the Shawnee County Department of Corrections is the successor to the "powers, duties and functions . . . imposed by law upon the office of the Sheriff of Shawnee County . . . as it relates to the operations, procedures and functions of the Shawnee County Jail." Moreover, in the 1983 case of Beaver v. Chaffee, Shawnee County District Court Case No. 126,540 (1983), the District Court dismissed then Shawnee County Sheriff Jim Chaffee from a lawsuit involving the Shawnee County Jail because the sheriff had no responsibility or authority over the jail subsequent to the transfer of authority to the Department of Corrections. Consequently, we agree with your conclusion that the Shawnee County Sheriff is not liable for any negligent or wrongful acts that may arise from the operation of the Shawnee County Jail.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm